# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00098-CR

**Robert Eugene Easley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CR-07-100018, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a plea of guilty, appellant Robert Eugene Easley was convicted in the City of Austin Municipal Court for failing to use a safety belt and fined $139. *See* Tex. Transp. Code Ann. § 545.413 (West Supp. 2007). He appealed the conviction on the record to the Travis County Court at Law No. 1. That court affirmed the conviction, and appellant perfected an appeal to this Court. We will affirm.

The municipal court judgment reflects that no court reporter was requested, and thus the municipal court record includes only the clerk's record. *See* Tex. Gov't Code Ann. § 30.00010(c) (West Supp. 2007). Appellant did not file a brief in the county court at law. *See id*. § 30.00021(b). Therefore, that court considered the appeal on the basis of the pro se motion for new trial appellant filed in the municipal court. *See id*. § 30.00014(c). That motion read:

I would like to appeal decision. I did not know that a non-moving violation would appear on my driving record. I drive for a living and this violation would affect the insurance on my job. I need to appeal.

In its judgment, the county court at law wrote, "The appellant gives this Court no clue as to how his lack of knowledge about consequences makes him not guilty or made his trial unfair. It appears that the consequence he complains of is exactly the consequence that the law intends." The court found no error in the record and affirmed the conviction.

The record and briefs in the county court at law are the record and briefs in this Court. *Id*. § 30.00027(b)(2) (West 2004). Therefore, we also have no reporter's record and no formal brief from appellant. We find no error in the county court at law's disposition of the argument made in appellant's pro se motion for new trial. In the interest of justice, we will also consider the arguments made in appellant's pro se notice of appeal to this Court.

First, appellant "question[s] the authority of this court [the county court at law] over a seat belt ticket. Why was [this] cause not given to misdemeanor court[?]" The county court at law *is* a misdemeanor court, and the case was in that court because appellant appealed his municipal court conviction. No error is shown.

Next, appellant complains that "the officer did not remember how he gave me the ticket. I believe the attorney told him what to say." Without a reporter's record, we cannot review the trial testimony, if any, at the guilty plea proceeding in municipal court. Nothing is presented for review.

Appellant also complains that "officer[s] are allowed to stage radars to give speeding ticket[s] anywhere at any time without permission from someone that should know their

2

whereabouts." If appellant was initially stopped for speeding, the record before us does not reflect it. There is nothing in the record to suggest that the ticketing officer acted improperly.

Finally, appellant asserts that the "timely manner this case has taken caused me to not make a brief on my behalf." He adds, "I know the court system is full [but] the cause should have a time limit from the time I appeal to get to court just as I have time limit to get a brief in. I feel cause should be dismiss[ed]." It is not clear whether appellant is complaining that the appeal was handled too quickly or that it was not handled quickly enough, but we suspect it is the latter. Appellant was convicted in the municipal court on January 26, 2006. On June 7, 2006, appellant was notified that the appellate record was complete and had been forwarded to the county court at law. The record was not filed by the county clerk, however, until October 4, 2007. There is no apparent explanation for this sixteen-month delay.

Although the delay in transferring the record from the municipal court to the county court at law was excessive, there is no showing of harm to appellant. Because the appeal was on the record, the delay did not harm appellant's ability to present his contentions to the county court at law. The county clerk's filing notice correctly informed appellant that he had fifteen days (to October 19, 2007) to file his brief. *See id*. § 30.00021(b). There is no indication that appellant tendered a brief for filing, or sought an extension of time for filing a brief, at any time before the county court at law rendered its judgment affirming the conviction on December 5, 2007. No reversible error is shown.

The judgment of county court at law is affirmed.

_____

Diane Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   April 2, 2008

Do Not Publish